688 So.2d 144 (1997)
Stanley WILLIAMS, Sr., Stanley Williams, Jr., Bernice Williams on Behalf of the minor, Valista Hatch, et al.
v.
NATIONAL CAR RENTAL SYSTEM, INC., Zion Zanco and Imperial Fire & Casualty Insurance Company.
No. 96-CA-442.
Court of Appeal of Louisiana, Fifth Circuit.
January 28, 1997.
*145 William R. Mustian, III, Stanga & Mustian, P.L.C., Metairie, for plaintiffs-appellants.
Donna Powe Green, David P. Curlin, Trinchard & Trinchard, New Orleans, for defendant-appellant, National Car Rental System, Inc.
James P. Doherty, Jr., Andrus & Doherty, Opelousas, for defendant-appellee, Imperial Fire and Casualty Company.
Before GAUDIN, WICKER and DALEY, JJ.
GAUDIN, Judge.
Two issues are involved in this appeal:
(1) Whether National Car Rental Systems, Inc. provided liability insurance for an unauthorized driver, and
(2) Whether Stanley Williams Sr., whose automobile was struck by the rented car driven by the unauthorized driver, validly rejected uninsured motorist coverage.
Williams' auto, carrying passengers, was rear-ended by a National car rented to Vico Zanco but being driven by Vico's brother Zion. Williams and others subsequently filed this suit against National, Zion Zanco and Imperial Fire and Casualty Company, Williams' automobile insurance company.
Following pretrial proceedings in the 24th Judicial District Court, the trial judge ruled summarily that National did not insure Zion Zanco and that Williams had legally declined UM insurance.
We affirm in part and reverse in part. The trial judge had ample reason to find that National did not insure its automobile when it was being driven by Zion Zanco; accordingly, the motion for summary judgment dismissing National from these proceedings is affirmed. We set aside the motion for summary judgment dismissing Imperial Fire and Casualty Company because the uninsured motorist rejection form in the policy, although signed by Williams, did not conform to state law and jurisprudence, particularly Tugwell v. State Farm Insurance Company, 609 So.2d 195 (La.1992).

NATIONAL'S COVERAGE
In his assigned "Reasons for Judgment," the trial judge stated:
"The plaintiffs brought this lawsuit seeking damages for injuries allegedly received in an automobile accident which occurred on December 15, 1993. The defendant driver was Zion Zanco. Mr. Zanco was driving a car which was owned by National Car Rental System, Inc. This automobile had been rented by his brother, Vico Zanco, at the time of the accident. Vico Zanco was the only authorized driver under the rental agreement.
"National Car Rental System, Inc. brought this motion for summary judgment alleging that Zion Zanco was not covered by the rental agreement or the self insurance policy between National Car Rental System, Inc. and Vico Zanco. Zion Zanco argues that this rental and insurance agreement is vague and ambiguous and should be interpreted against National Car Rental System, Inc.
"This court has reviewed the record and documents and finds that the summary judgment must be granted. Louisiana is one of the few states in the United States that allow for self insurance. The policy is *146 clear as to what happens in this particular situation.
"Louisiana law does not hold the owner/lessor of a vehicle involved in an accident vicariously liable for mere ownership of the vehicle. Although National Car Rental Systems, Inc. Is a self insured company, it does not insure unauthorized drivers. Thomas v. Doe, 544 So.2d 411 (La.1989); Payne v. Blankenship, 558 So.2d 1316 (La.App. 4th Cir., 1990). The court holds that there is no genuine issue of material fact at issue in this case and that summary judgment should be granted as a matter of law."
According to the rental agreement, authorized drivers include only those persons listed, in this case Vico Zanco, and also family members who reside with the renter and co-employees using the vehicle for business purposes. The evidence submitted by National did not include any affidavit or statement signed by either Vico or Zion Zanco but it did include an affidavit of a National employee who said that she had investigated the accident and that, according to her personal knowledge, Zion Zanco was "... an unauthorized driver who was not residing with the renter ..." Also in evidence are the police report and a damage loss report which, along with the National employee's affidavit, caused the trial judge to conclude that Zion Zanco was in fact an unauthorized driver neither living with his brother or doing business with him.
The police report lists Zion Zanco's address as 7872 Camino Tranquilo, San Diego, California. He had a California driver's license.
In response to National's motion for summary judgment, Williams did not submit any proof that National was not self-insured or that Zion Zanco was somehow an authorized driver. Zion would be an authorized driver, according to the rental agreement, if he either resided with Vico or was a fellow employee operating the vehicle for a business purpose.
Based on what was in the record, the trial judge did not err in dismissing National.

UM COVERAGE
Williams claims that he was not allowed a "meaningful selection" as required by Tugwell v. State Farm Insurance Company, supra. This decision states that the insured must be clearly advised that he or she can (1) purchase UM coverage equal to the bodily limits of the policy, (2) purchase UM coverage less than these limits or (3) reject UM coverage.
The rejection form signed by Williams reads as follows:
"The Applicant elects to REJECT protection against Uninsured Motorists as provided in Section 1406 of Title 22 of the Louisiana Revised Statutes of 1950, Subsection D, which permits the insured named in the policy to reject insurance against loss caused by Uninsured Motorists, the undersigned (and each to them) do(es) hereby reject such insurance coverage, and it is hereby understood and agreed that such coverage will not be afforded any person by this policy; that this rejection of Uninsured Motorists Coverage applies with respect to all vehicles now insured under the policy as well as any vehicle which may be covered by the policy in the future regardless of whether it is owned by the insured or the date of execution of this rejection instrument."
This form did not provide Williams with the three Tugwell options. As long as Tugwell remains the law of this state, the rejection form used in the Imperial policy here, which only allowed Williams to reject UM coverage, cannot stand. The form did not permit Williams to accept UM coverage.
We remand for further proceedings.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.