724 So.2d 780 (1998)
Tyrone KINCHEN and Kenyatta Foster
v.
James O. BRIDGES and Safeway Insurance Company.
No. 97 CA 2069.
Court of Appeal of Louisiana, First Circuit.
September 25, 1998.
Russell E. Bergstrom, New Orleans, for Plaintiffs-Appellees Tyrone Kinchen and Kenyatta Foster.
Keith M. Borne, Lafayette, for Defendant-Appellant Safeway Ins. Co.
BEFORE: LeBLANC, FOGG, and PARRO, JJ.
FOGG, J.
This is a suit for damages sustained in a vehicular accident. On appeal, the automobile liability insurance carrier disputes the trial court's determination that a rejection of uninsured motorist (UM) coverage executed by its insured was invalid. For the following reasons, we affirm.
On February 3, 1994, Tyrone Kinchen completed a written application for a policy of automobile liability insurance with Safeway Insurance Company. In completing the application, Mr. Kinchen placed his signature on a space in the portion of the application designated as "Rejection of Uninsured Motorist Coverage." Subsequently, a policy which provided bodily injury liability coverage of $10,000 per person/$20,000 per accident and property damage liability coverage of $10,000 per accident of automobile liability insurance (hereinafter "10/20 policy") was issued by Safeway to Tyrone Kinchen.
On July 13, 1994, an accident occurred involving a vehicle operated by Tyrone Kinchen and an automobile operated by James O. Bridges. Tyrone Kinchen and his guest passenger, Kenyatta Foster, filed this action for damages against Mr. Bridges. Also named as a defendant was Safeway in its alleged capacity as the UM insurer of the Kinchen vehicle.
On July 12, 1995, plaintiffs filed a "Motion for Declaratory Judgment" seeking to establish the invalidity of the UM rejection form executed by Tyrone Kinchen when he applied with Safeway for automobile liability insurance. The trial court construed that pleading as a motion for partial summary judgment and rendered judgment in favor of plaintiffs, finding the rejection invalid.
On April 14, 1997, the parties entered into a consent judgment on the remaining issues of liability and damages. In the consent judgment, Safeway reserved its right to appeal the issue of UM coverage under the policy it issued to Tyrone Kinchen. This appeal followed.
The sole issue raised on appeal is the validity of the following UM coverage rejection from which was executed by Mr. Kinchen:

REJECTION OF UNINSURED MOTORIST COVERAGE
The applicant elects to REJECT protection against Uninsured Motorists as provided in Section 1406 of Title 22 of the *781 Louisiana Revised Statutes of 1950, Subsection D, which permits the insured named in the policy to reject insurance against loss caused by Uninsured Motorists, the undersigned (and each of them) do(es) hereby reject such insurance coverage, and it is hereby understood and agreed that such coverage will not be afforded any person by this policy; that this rejection of Uninsured Motorist Coverage applies with respect to all vehicles now insured under the policy as well as any vehicle which may be covered by the policy in the future regardless of whether it is owned by the insured on the date of execution of this rejection instrument.
In the case of Banks v. Patterson Insurance Company, 94-1176 (La.App. 1 Cir. 9/14/95); 664 So.2d 127, writ denied, 95-2951 (La.2/16/96); 667 So.2d 1052, this court reviewed the following UM rejection form:
The undersigned insured hereby rejects Protection Against Uninsured Motorists as provided in Louisiana Revised Statutes 22:1406 from Policy Number 6L0054270 on Emma Sullivan and subsequent renewals issued by Louisiana Indemnity Co.

Therein, we held that the rejection form was defective because it allowed the insured "to reject UM insurance, but did not allow her to accept UM coverage at the liability limits." Banks, 664 So.2d at 129. Because the form did not offer the insured the option to accept coverage or inform the insured that she would automatically be covered with the minimum limits as a matter of law if she did not reject coverage, it was invalid.
Subsequently, in the case of Daigle v. Authement, 96-1662 (La.4/8/97); 691 So.2d 1213, the supreme court stated that the insurer providing a 10/20 policy must inform the insured of the two options available under LSA-R.S. 22:1406. That is, the statutorily mandated UM coverage or no coverage at all. See also, Wilkinson v. Louisiana Indemnity-Patterson Ins., 96-0447 (La.App. 1 Cir. 11/8/96); 682 So.2d 1296, writ denied, 96-2920 (La.6/13/97); 695 So.2d 964; Washington v. Imperial Fire and Cas. Ins. Co., 28,434 (La.App. 2 Cir. 6/26/96); 677 So.2d 599.
Furthermore, recently, in the case of Soileau v. Patterson Insurance Group, Inc., 97-1910 (La.10/31/97); 703 So.2d 4, the supreme court found no valid rejection of UM coverage where the form read as follows:
UNINSURED MOTORIST REJECTION
The undersigned applicant rejects and authorizes the company to remove all Uninsured Motorist coverage from the policy and its subsequent renewals.
Although the court's decision in the Soileau case was brief, it indicates that, when providing a 10/20 policy, an insurer must present at least two options to the policy holder with respect to UM coverage: the option to exercise the statutorily mandated coverage and the option to reject the statutorily mandated coverage.
At oral argument, counsel for the defendant referred to the case of Isaac v. Patterson Ins. Co., 97-608 (La.App. 3 Cir. 10/8/97); 702 So.2d 918, writ denied, 97-2806 (La.1/30/98); 709 So.2d 709. Therein, the third circuit reviewed a UM rejection form that was identical to the one utilized herein and found it to constitute a valid rejection. In relying on that case, counsel noted that in the Isaac case writs were denied by the supreme court after the Soileau decision was rendered by that court.
Initially, we note that a writ denial by the supreme court has no precedential value and does not indicate the supreme court's adoption of the appellate court's reasoning. St. Tammany Manor v. Spartan Bldg. Corp., 509 So.2d 424 (La.1987). Furthermore, while the instant rejection form states that an insured can, pursuant to LSA-R.S. 22:1406 D, elect to reject UM coverage, it fails to state that such coverage is statutorily mandated. In this respect, it fails to comply with the requirement of the Daigle and Soileau cases that the insured be informed of his option to exercise the statutorily mandated coverage. For these reasons, we are constrained to find that the rejection is invalid.
Accordingly, the judgment of the trial court is affirmed. Costs are assessed against Safeway Insurance Company.
AFFIRMED.
LeBLANC, J., dissents and assigns reasons.
*782 LeBLANC, J., dissenting.
I respectfully dissent.
An uninsured motorist rejection form "does not meet the statutory requirements if it fails to inform the applicant of an available option or forecloses an available option." Daigle v. Authement, 96-1662, p. 4 (La.4/8/97); 691 So.2d 1213, 1215.
The form must "inform the insured of the statutorily mandated coverage." Soileau v. Patterson Insurance Group, Inc., 96-0017 (La.App. 1 Cir. 6/20/97); 697 So.2d 44, 47 (Lottinger, C.J., dissenting), writ granted, 97-1910 (La.10/31/97); 703 So.2d 4 (for the reasons assigned by Judge Lottinger). The rejection form at issue informs the applicant that protection against uninsured motorists is provided by law and cites the statutory authority for such coverage. The form, signed by Mr. Kinchen, provides the applicant rejects the "protection against Uninsured Motorists as provided in Section 1406 of Title 22 of the Louisiana Revised Statutes of 1950, Subsection D". (Emphasis added). I would hold the form sufficient.