LCLARENCE E. McMANUS, Judge Pro Tem.
This is an appeal by Donna Wilson, plaintiff-appellant, from a partial summary judgment dismissing Louisiana Insurance Guaranty Association (hereafter LIGA), the substitute for her insolvent insurance company, on the grounds that the UM rejection form in her policy placed her in a position to make an informed rejection of UM coverage. For the foregoing reasons, we reverse the trial court’s judgment granting LIGA’s motion for summary judgment and grant Ms. Wilson’s motion for summary judgment.
On September 23, 1991, plaintiffs Joseph and Donna Wilson filed suit against defendant Nazier R. Simmons, his employer Clarence Henry d/b/a St. Gabriel Construction, and Indemnity Underwriters Insurance Co., the automobile liability insurer for defendants Nazier Simmons and Clarence Henry.
*352 On October 25, 1990, Mr. Wilson was driving a 1987 Chevrolet Nova owned by Ms. Wilson in a southbound direction on Louisiana Highway 687 in Reserve, Louisiana. The Wilson automobile approached the railroad tracks just south of West Railroad Avenue when Mr. Wilson stopped the vehicle because of a passing train. At the same time, Mr. Simmons was driving a tractor-trailer rig in the course and scope of his employment with Clarence Henry. While proceeding eastbound on West Railroad Avenue, Mr. Simmons executed a right turn onto ^Louisiana Highway 637 and collided with the rear of the Wilson vehicle. In their petition, the Wilsons allege that they suffered injuries because Mr. Simmons was negligent in failing to maintain a proper lookout and colliding with the rear of the Wilson vehicle. As a result of the impact, Mr. and Ms. Wilson suffered injuries to the neck and back. Both Mr. and Ms. Wilson allege mental damages and loss of consortium.
On August 16, 1996, Ms. Wilson filed a Supplemental Petition adding LIGA as a substitute defendant for American Surety & Fidelity Insurance Company, the insolvent uninsured/underinsured motorist insurer for the vehicle occupied by the Wil-sons at the time of the crash.
LIGA filed an answer to the original and supplemental petitions on October 21, 1998. In its answer, LIGA admits that it is the statutory successor to American Surety and Fidelity Insurance Company, but argues that Ms. Wilson’s liability policy did not provide uninsured /under-insured motorist coverage because she validly rejected UM coverage. On November 12, 1998, LIGA filed a Motion for Summary Judgment on the issue of coverage claiming that Ms. Wilson’s policy did not provide coverage for uninsured or underin-sured motorist claims. On November 18, 1998, Ms. Wilson filed a Motion for Summary Judgment claiming that the UM rejection form she signed did not inform her of the statutorily mandated right to UM coverage. Ms. Wilson argues that the UM rejection form only informed her of the right to reject UM coverage. Therefore, she argues that the form was defective and the American Surety & Fidelity Insurance Company policy afforded underinsured (UM) coverage. On April 23, 1999, the trial court entered a judgment granting LIGA’s Motion for Summary Judgment stating that the UM rejection clause contained in the policy places the insured in a position to make an informed rejection of UM coverage. The trial court denied Ms. Wilson’s Motion for Summary Judgment. Ms. Wilson filed an appeal on the partial summary judgment.
l3We initially note that, under the amendments to La.C.C.P. art. 1915, neither of these judgments is final for purposes of appeal. As a result, we issued an order to the trial judge requesting a decision as to the appealability of the judgment pursuant to La.C.C.P. art. 1915. The trial judge certified the matter as appeal-able and we reviewed the decision pursuant to Berman v. De Chazal, 98-81 (La. App. 5 Cir. 5/27/98), 717 So.2d 658. We determined that the matters are appeal-able in this case.
On appeal, Ms. Wilson argues that the Uninsured Motorist Coverage Rejection form did not inform her of the amount of UM coverage available if she did not reject UM coverage. Ms. Wilson further argues that the UM rejection form is defective because it did not advise her of the statutorily mandated UM coverage. LIGA argues that the policy at issue is a minimum financial responsibility policy where the policyholder can select UM insurance up to the minimum available limits by not signing the UM rejection form or reject UM coverage by signing the UM Rejection Form. LIGA further argues that the policyholder is obligated to be informed of the law that she can avail herself of the statutorily mandated UM coverage or reject UM coverage in writing. At the time of the accident, the law on uninsured motorist coverage, La.R.S. 22:1406 D, provided as follows:
*353 (l)(a)(i). No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle designed for use on public highways and required to be registered in this state or as provided in this Subsection unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy, under provisions filed with and approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover nonpunitive damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness, or disease, including death resulting therefrom; however, the coverage required under this Subsection shall not be applicable where any insured named in the policy shall reject in writing, as provided herein, the coverage or selects lower limits. In no event shall the policy limits of an uninsured motorist policy be less than the minimum liability limits required under R.S. 32:900. Such coverage 14need not be provided in or supplemental to a renewal, reinstatement, or substitute policy where the named insured has rejected the coverage or selected lower limits in connection with a policy previously issued to him by the same insurer or any of its affiliates. The coverage provided under this Subsection may exclude coverage for punitive or exemplary damages by the terms of the policy or contract.
(ii) After September 1,1987, such rejection or selection of lower limits shall be made only on a form designed by each insurer. The form shall be provided by the insurer and signed by the named insured or his legal representative. The form signed by the named insured or his legal representative which initially rejects such coverage or selects lower limits shall be conclusively presumed to become a part of the policy or contract when issued and delivered, irrespective of whether physically attached thereto.
It is clear from the record that Ms. Wilson purchased bodily injury coverage in the minimum available limits required under LSA-R.S. 32:900; namely, $10,000 bodily injury per person, $20,000 per accident. In Daigle v. Authement, 96-1662 (La.4/8/97), 691 So.2d 1213, 1215, the Supreme Court reiterated its holding in Tugwell v. State Farm Ins. Co., 609 So.2d 195 (La.1992), that a UM rejection form must contain options disclosing UM coverage equal to bodily injury limits in the policy, UM coverage lower than those limits, or no UM coverage. The Supreme Court then further held that when an insured elects to purchase only the minimum bodily injury limits allowable, the option of selecting UM coverage at limits lower than those in the policy is foreclosed by law pursuant to La.R.S. 22:1406 D(1)(a)(i) and La.R.S. 32:900(B)(2). Daigle, 691 So.2d at 1215. Thus, the form must offer the insured the option to accept coverage or inform the insured that she would be automatically covered with the minimum limits as a matter of law if she did not reject coverage. Daigle, supra; Soileau v. Patterson Insurance Group, Inc., 96-0017 (La.App. 1 Cir. 6/20/97), 697 So.2d 44, 47 (Lottinger, C.J., dissenting), reversed, 97-1910 (La.10/31/97), 703 So.2d 4 (for the reasons assigned by Judge Lottinger).
The insured cannot know of the statutorily mandated coverage until the 1 ¡¡insured is informed of it; therefore, the UM rejection form must inform the insured of the statutorily mandated coverage in order for the form to be legally sufficient. Since Ms. Wilson purchased bodily injury coverage at the minimum available limits, American Surety & Fidelity Insurance Company was not required to inform her of the absence of lower limits. However, American Surety & Fidelity Insurance Company was required to inform Ms. Wilson of the two remaining available options; UM coverage equal to the bodily injury limits in the policy or no UM coverage.
*354 In Williams v. National Car Rental System, Inc., 96-442 (La.App. 5 Cir. 1/28/97), 688 So.2d 144, this court reviewed the legal sufficiency of a policy with the identical language as the policy at issue in the case sub judiee. This Court found that the policy was not sufficient because it only permitted the insured to reject UM coverage. Both the Third Circuit and First Circuit Courts of Appeal also reviewed policies with language identical to the policy in this case and found that the UM rejection forms were not validly rejected. In Savant v. American Central Insurance Co., 98-542 (La.App. 3 Cir. 12/9/98), 725 So.2d 43, writ denied, 99-0060 (La.3/12/99), 739 So.2d 202, the Third Circuit found that the form signed by the insured was defective because it failed to inform him that he would have UM coverage at the minimum limits if he did not reject UM coverage. The First Circuit also found that the form signed by the insured was defective because it did not inform the insured that UM coverage is statutorily mandated coverage. Kinchen v. Bridges, 97-2069 (La.App. 1 Cir. 9/25/98), 724 So.2d 780, writ denied, 98-2683 (La.12/18/98), 732 So.2d 1239.
It is well accepted that the expression of the intention to not have UM coverage, however clear, does not constitute a valid rejection if the written rejection form does not meet the formal requirements of the law. Wilkinson v. Louisiana Indemnity/Patterson Ins., 96-0447 (La.App. 1 Cir. 11/8/96), 682 So.2d 1296, writ denied, 96-2920 (La.6/13/97), 695 So.2d 964. American Surety & [^Fidelity Insurance Company’s UM rejection form does not meet the formal requirements of the law since it failed to inform Ms. Wilson that she would have UM coverage at the minimum limits required by LSA-R.S. 32:900(B)(2) if she did not sign the UM rejection form. Soileau v. Patterson Insurance Group, Inc., 96-0017 (La.App. 1 Cir. 6/20/97), 697 So.2d 44, 47 (Lottinger, C.J., dissenting), reversed, 97-1910 (La.10/31/97), 703 So.2d 4 (for the reasons assigned by Judge Lot-tinger). The UM rejection form in the case sub judiee does not inform Ms. Wilson of the option to exercise the statutorily mandated coverage, thus the form is defective. For the reasons assigned, we reverse the trial court’s judgment granting LIGA’s Motion for summary judgment and grant Ms. Wilson’s Motion for Summary Judgment.
SUMMARY JUDGMENT IN FAVOR OF DEFENDANT REVERSED; SUMMARY JUDGMENT IN FAVOR OF PLAINTIFF GRANTED.