775 So.2d 1135 (2000)
Linda THOMAS
v.
SAFEWAY INSURANCE COMPANY.
No. 00-700.
Court of Appeal of Louisiana, Third Circuit.
December 6, 2000.
Keith Michael Borne, Borne, Wilkes & Brady, Lafayette, LA, Counsel for Defendant/Appellant Safeway Insurance Company of Louisiana.
J. Clemille Simon, Attorney at Law, Lafayette, LA, Counsel for Plaintiff/Appellee Linda Thomas.
(Court composed of BILLIE COLOMBARO WOODARD, MICHAEL G. SULLIVAN, and GLENN B. GREMILLION, Judges.).
SULLIVAN, Judge.
Safeway Insurance Company appeals a judgment declaring that an uninsured motorist (UM) rejection form signed by Linda Thomas was invalid. For the following reasons, we reverse and render.

Facts
Ms. Thomas filed the present suit on November 24, 1997, alleging that her Safeway automobile policy with liability limits of $10,000/$20,000 also provided UM coverage for an accident of September 9, 1996. Safeway later filed a motion for summary judgment, arguing that there was no genuine issue of material fact that Ms. Thomas validly rejected UM coverage when she applied for her policy of insurance on December 29, 1995. Ms. Thomas also filed a motion for summary judgment, arguing that the rejection form she signed was insufficient to provide a "meaningful selection" of UM coverage.
The Safeway form signed by Ms. Thomas provided:

*1136 Pursuant to Louisiana Revised Statute 22:1406(D) and condition 7 of the policy, the applicant does hereby acknowledge and agree to one of the following:
(A) [] Select Uninsured Motorist Coverage with limits equal to those provided under bodily injury liability
(B) [] Select Uninsured Motorist Coverage with limits less than those provided under bodily injury liability $ __________/$__________
(C) [] Reject Uninsured Motorist Coverage completely
I understand and agree that this (acceptance/rejection) of coverage shall be applicable to the policy of insurance on the vehicle described above. Said (acceptance/rejection) shall apply on all future renewals of this policy, and all replacement policies, until I make a written request for additional coverage than is provided in the current policy.
Signature of Applicant (S) Linda Thomas
On the application, a check mark appears in the box for option (C), rejection of UM coverage completely.
After a hearing, the trial court granted Ms. Thomas' motion and denied Safeway's. The trial court accepted Ms. Thomas' argument that the Safeway form was invalid because it did not inform her that UM coverage was mandated by law unless rejected by the insured.

Opinion
At the time Ms. Thomas applied for her Safeway policy, La. R.S. 22:1406(D)(1)(a)(i) required all automobile liability policies issued in this state to include UM coverage "in not less than the limits of bodily injury liability provided by the policy" unless the insured "shall reject in writing, as provided herein, [UM] coverage or selects lower limits." Under La. R.S. 22:1406(D)(1)(a)(ii), such a rejection had to be "made only on a form designed by each insurer" that was signed by the named insured or his legal representative.
Because this statute is to be liberally construed, the statutory exceptions to UM coverage are to be strictly interpreted. Further, the burden of proving a valid waiver of UM coverage is on the insurer. Tugwell v. State Farm Ins. Co., 609 So.2d 195 (La.1992).
In Tugwell, 609 So.2d at 197 (citation omitted), the supreme court defined the terms "informed rejection" and "meaningful selection" as they pertain to UM coverage as follows:
Further, the insurer must place the insured in a position to make an informed rejection of UM coverage. In other words, the form used by the insurance company must give the applicant the opportunity to make a "meaningful selection" from his options provided by the statute: (1) UM coverage equal to bodily injury limits in the policy, (2) UM coverage lower than bodily injury limits in the policy, or (3) no UM coverage.
It is undisputed that the Safeway form signed by Ms. Thomas contains the three options identified in Tugwell. (The second option, selection of UM coverage at lower limits, is not pertinent to this case because Ms. Thomas purchased a minimum limits policy. Daigle v. Authement, 96-1662 (La.4/8/97); 691 So.2d 1213.) However, Ms. Thomas argues that her rejection was not valid because the form she signed did not explain that UM coverage would be automatically provided absent some action on her part.
In Harris v. Safeway Insurance Co., 31,050 (La.App. 2 Cir. 9/23/98); 718 So.2d 619, the second circuit found that the same Safeway form in the present case was sufficient to establish a valid rejection of UM coverage. In so doing, the court rejected an argument similar to Ms. Thomas' that the form should have explained that the law mandates UM coverage unless rejected by the insured, even though the form included the three options outlined in Tugwell:
[T]he intent of LSA-R.S. 22:1406(D) is to provide UM coverage at bodily injury *1137 liability limits when the insured does not reject such coverage or select lower limits. While the Safeway form does not specifically track the statutory language by stating that the insurer is required to provide UM coverage if the insured does not reject such coverage, the form does clearly, unambiguously, and unmistakably set forth the three available options. The UM coverage form is set forth in section 10 of the one-page application and is identified by an obvious heading. The Safeway form provides any insured reading the UM coverage section with an understanding of the choice being made. The insured is required to sign at both the UM coverage section and at the "APPLICANT'S STATEMENT" section of the application. We agree with the trial court, therefore, that the Safeway form was adequate for the purposes intended by the legislature and provided Harris with an opportunity to make a "meaningful selection" or "informed rejection."
Id. at 622-23 (emphasis added).
Because this Safeway form permits the insured to choose one of the three statutory possibilities for UM coverage, we find that it meets the legislative requirements to support a valid waiver. The jurisprudence that Ms. Thomas cites in support of her argument to the contrary is distinguishable because the waiver forms in those cases did not contain the three options of Tugwell. In Savant v. American Central Insurance Co., 98-542 (La.App. 3 Cir. 12/9/98); 725 So.2d 43, writ denied, 99-60 (La.3/12/99); 739 So.2d 202, this court, sitting en banc, invalidated a waiver of UM coverage because that form's only option was to reject UM coverage. We reasoned that the statute's purpose was not served because "the language does not inform [the insured] in any manner whatsoever that UM coverage equal to bodily injury limits in the policy was available." Id. at 45. In Holbrook v. Holliday, 93-1639, p. 5 (La.App. 3 Cir. 6/1/94); 640 So.2d 804, 807, writ denied, 94-1735 (La.10/7/94); 644 So.2d 642, we held a UM rejection form invalid "where it does not list each option as Tugwell mandates ." The form at issue in Wilson v. Underwriters Insurance Co., 99-799 (La.App. 5 Cir. 1/12/00); 751 So.2d 351, writ denied, 00-1039 (La.5/26/00); 762 So.2d 1110, also permitted only one option: rejection. In finding that form insufficient, the fifth circuit stated: "The UM rejection form in the case sub judice does not inform [the insured] of the option to exercise the statutorily mandated coverage, thus the form is defective." Id. at 354.
As the supreme court explained in Daigle, 691 So.2d at 1215, "the question before us is not whether the form ... was the best form that anyone could possibly devise. Rather, the question before us is whether the form ... was adequate for the purpose intended by the legislature." Unlike forms in the cases cited by Ms. Thomas, this form devised by Safeway did inform the insured of the availability of UM coverage equal to the bodily limits of the policy in the first option. We find that this form meets the statutory requirements for a valid waiver as set forth in Tugwell.

Decree
For the above reasons, the judgment of the trial court granting Ms. Thomas' motion for summary judgment is reversed, and judgment is hereby rendered granting summary judgment in favor of Safeway Insurance Company. Costs of this appeal are assessed to Ms. Thomas.
REVERSED AND RENDERED.