RFOGG, Judge.
The issue raised on appeal in this personal injury case is whether or not the insured executed a valid uninsured/under-insured motorist (UM) rejection form declining UM coverage under its umbrella policy. For the following reasons, we find the rejection form invalid and reverse the judgment of the trial court.
Phillip J. Pekins, Jr. and Horace Dennis, Jr. were involved in an automobile accident on July 2, 1996. At the time of the accident, Mr. Pekins was in the course and scope of his employment with MMR Radon Constructors, Inc. and driving a 1994 Chevrolet truck owned by his employer.
Thereafter, Phillip and Donna Pekins filed suit, individually and on behalf of their minor daughter, Erica Pekins, against the Estate of and Succession Representative of Horace Dennis; Dennis’ automobile liability insurer, Southern United *9 Fire Insurance Company; MMR Radon’s automobile insurer, American Central Insurance Company; and MMR Radon’s umbrella insurer, Westchester Fire Insurance Company, seeking to recover damages for personal injuries allegedly sustained by Phillip Pekins.
Westchester filed a motion for summary judgment, asserting that MMR Radon knowingly executed a valid UM rejection form declining UM coverage under the umbrella policy. The Pekinses filed a cross-motion for summary judgment on the issue of UM coverage under the West-chester policy. The trial court rendered judgment in favor of Westchester, finding the UM rejection valid. The Pekinses appeal, asserting the Westchester rejection form is defective because it does not advise the insured that UM coverage is automatically extended by operation of law.
The UM coverage rejection form at issue provides as follows:
STATE OF LOUISIANA
UNINSURED MOTORIST COVERAGE OFFER/ELECTION
(Signature Required)
In accordance with Section 22:1406 D of the Louisiana | ^Insurance Code:
OPTION # 1
(X) I elect to reject Uninsured Motorist Protection Coverage in its entirety under this policy.
OPTION #2 *
( ) I elect Uninsured Motorist Protection Coverage under this policy in an amount equal to the Limits of Insurance as stated in Item 4 of the Declarations. An additional premium is due.
OPTION # 3 *
( ) I elect Uninsured Motorist Protection Coverage under this policy in the amount of $_which is less than the limits of Insurance as stated in Item 4 of Declarations. An additional premium is due.
* Election of either Option #2 or Option # 3 requires the Insured to maintain Uninsured Motorist Protection Coverage in an amount equal to the Automobile Bodily Injury Liability Limit of the Automobile Policy referenced in Schedule A of this policy.
The rejection form is dated February 22, 1996 and signed by Jennifer Courville, secretary/treasurer of MMR Radon, in her official capacity.
Pursuant to LSA-R.S. 22:1406(D)(l)(a)(i), UM coverage equal to the liability limits is included in every policy issued in this state unless such coverage is validly rejected. Henson v. Safeco Ins. Companies., 585 So.2d 534 (La.1991). The UM rejection form supplied by Westches-ter merely references the statutory authority governing UM coverage. It does not advise the insured that UM coverage is provided by operation of law without a valid rejection.
The issue of whether a valid UM rejection form must contain a statement that advises the insured that UM coverage is statutorily mandated has been addressed by each of the five appellate courts in the State of Louisiana. The Second, Third, and Fourth Circuits have concluded that the absence of such language does not invalidate a rejection of UM coverage. Schaefer v. Allstate Ins. Co., 2000-0349 (La.App. 4 Cir. 1/24/01), 778 So.2d 1155, writ denied, 2001-0474 (La.4/12/01), 789 So.2d 599; Thomas v. Safeway Ins. Co., 2000-700 (La.App. 3 Cir. 12/6/00), 775 So.2d 1135, writ denied, 2001-0039 (La.3/23/01), 788 So.2d 426; Harris v. Safeway Ins. Co., 31,050 (La.App. 2 Cir. 9/23/98), 718 So.2d 619. The Fifth Circuit has found the absence of such language to be fatal to a rejection of UM coverage. Sutherland v. Babin, 98-923 (La.App. 5 *10 Cir. 5/19/99), 735 So.2d 881, writ denied, 99-1796 (La.10/8/99), 750 So.2d 969. Finally, we have held that the absence of such information in a rejection form renders the form invalid as the insured did not have all the information necessary to make a “meaningful selection” as required by Tugwell v. State Farm Ins. Co., 609 So.2d 195 (La.1992). Thigpen v. RPM Pizza, Inc., 99-1146 (La.App. 1 Cir. 9/22/00), 772 So.2d 704, writ denied, 2001-0114 (La.3/30/01), 788 So.2d 1189; Kinchen v. Bridges, 97-2069 (La.App. 1 Cir. 9/25/98), 724 So.2d 780, writ denied, 98-2683 (La.12/18/98), 732 So.2d 1239. Therefore, we are constrained to find the form in the instant case invalid and to reverse the judgment of the trial court.[1]
For the foregoing reasons, the judgment of the trial court is reversed and summary judgment is rendered in favor of the Pe-kinses. Costs are assessed against West-chester Fire Insurance Company.
REVERSED AND RENDERED.

. The appellants' additional assignments of error are pretermitted by the above discussion.